UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

**MOSES PERL;**
 *Plaintiff,*

             **Case No. 7:12-CV-03949-CS**

-v-

**RJM ACQUISITIONS FUNDING;**
 *Defendant,*       **NOTICE OF AMENDED COMPLAINT**
-----------------------------------------------------------x

NOTICE OF AMENDED COMPLAINT FOR VIOLATIONS

OF THE FAIR CREDIT REPORTING ACT


   Plaintiff Moses Perl, hereby give notice of his amended complaint for violations of the Fair Credit Reporting Act.


Submitted this 2nd day of January, 2013


       Respectfully Submitted,


     **By:** _____

       Moses Perl

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

    **MOSES PERL;**
       *Plaintiff,*

                                    **Case No. 7:12-CV-03949-CS**

    -v-

    **RJM ACQUISITIONS FUNDING;**
       *Defendant,*                        TRIAL BY JURY DEMANDED
----------------------------------------------------------x

## **VERIFIED AMENDED COMPLAINT**

### **INTRODUCTION**

COMES NOW, Plaintiff, Moses Perl, hereby files this Amended Complaint, having been granted

leave to amend the complaint by the honorable judge Cathy Seibel, and hereby states as follows;

The entire Complaint has been amended including the jurisdiction, venue, and counts one thru five,

Plaintiff hereby sues Defendant, RJM ACQUISITIONS FUNDING, for violations of the Fair Credit

Reporting Act 15 USC § 1681 *et seq.* and alleges as follows;

### **JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 15 U.S.C. § 1681p; N.Y. GBS. LAW § 380-b; and

    supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

2. This court has jurisdiction because Plaintiff lives here, the acts complained of herein occurred

    here, and Defendant conducts business here.

3. This court has jurisdiction because the Defendants violated N.Y. GBS. LAW § 380-b because

    the Defendant reached into Orange County availing itself of the protection of the laws of Orange

    County New York and the Defendants acts in this County gave rise to the causes of action

    asserted herein.

4. This court has jurisdiction according to N.Y. GBS. LAW § 380-b because Defendant engages in business in this State, to wit, furnishing information and its business in this State of New York gives rise to the causes of action asserted herein.

5. This court has jurisdiction over Defendant pursuant to N.Y. GBS. LAW § 380-b because the Defendant caused injury to a person within the State of New York, to wit, while it was engaged in service activities to wit, in furnishing information within the State of New York.

6. Venue is proper in the Southern District of New York because the acts of Defendant give rise to the causes of action that took place within the County of Orange pursuant to 28 U.S.C. §1391b, in that the Plaintiff resides here, the Defendants transact business here, to wit, and the conduct complained of occurred here.

## PARTIES

7. The Plaintiff in this lawsuit is Moses Perl, (hereinafter "Plaintiff") a natural individual who lives in the State of New York, in the County of Orange, and is a consumer as defined by FCRA 15 U.S.C. § 1681a(c).

8. The Defendant in this lawsuit is RJM ACQUISITIONS FUNDING (hereinafter "Defendant") an entity with its principle place of business at 575 Underhill Blvd. Suite 284, Syosset, NY 11791, and is a furnisher of consumer information to consumer reporting agencies 15 U.S.C. § 1681s-2.

## FACTUAL ALLEGATIONS

9. Plaintiff obtained his consumer credit reports from the credit reporting agencies and found entries by entities that were unfamiliar to him within the reports.

10. Plaintiff found after examination of his Experian consumer credit report that Defendant had obtained the Plaintiff's Experian consumer credit report on the following dates: May 6, 2011,

June 6, 2011, June 11, 2011, June 13, 2011, July 16, 2011, October 7, 2011 (See a copy of the relevant portion attached hereto as Exhibit A).

11. At no time did the Plaintiff personally grant to Defendant the right to obtain his credit report from any credit reporting agency, nor does the Plaintiff have any kind of relationship with the Defendant as defined under FCRA § 1681b(3)(A)-(E).

12. On May 16, 2011, Plaintiff mailed a letter to the Defendant and requested a general or specific certification as to what permissible purpose they may have had when they obtained the Plaintiff's consumer credit report (See a copy attached hereto as Exhibit B).

13. Upon Plaintiff's request for certification, the Defendant failed to respond with any evidence that they may have had when obtained the Plaintiff's consumer credit report.

14. On April 16, 2012 Plaintiff mailed a Notice of Pending Lawsuit to Defendant in an effort to mitigate damages and spare judicial resources (See a copy attached hereto as Exhibit C).

15. Defendant failed to respond to Plaintiff's Notice therefore Plaintiff had no choice but to seek damages in this honorable court.

16. Discovery of violation brought forth herein are within the statute of limitations as defined in FCRA, 15 U.S.C. § 1681p(1).


## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA)
## 15 U.S.C. § 1681 FOR WILLFUL NON-COMPLIANCE
## BY DEFENDANT RJM ACQUISITIONS FUNDING


17. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

3

19. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

20. Consumer credit report is a consumer report within the meaning of FCRA, 15 U.S.C. §1681a(d).

21. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

22. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

23. The Plaintiff never had any signed contracts, business dealings, or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant that may have given them a permissible purpose to obtain the Plaintiff's consumer credit report as defined by the FCRA.

24. On May 6, 2011 Defendant obtained the Experian consumer credit report for the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b (See Exhibit A).

25. The Defendant was required pursuant to FCRA § 1681q, 1681n and 1681o to refrain from obtaining consumers reports from credit reporting agencies under false pretenses.

26. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

27. At no time has Defendant ever indicated what justification they may have had for obtaining Plaintiff's credit report.

28. The Defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so.

29. On its own authority, and without provocation, solicitation or the permission of the Plaintiff to do so, Defendant obtained Plaintiff's consumer credit report.

30. As a result of the Defendant's conduct, action and inaction Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials and lowering of credit lines.

31. Without a permissible purpose or Plaintiff's consent Defendant's conduct constituted a willful and/or negligent reckless violation of the FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy rendering them liable for statutory damages pursuant to 15 U.S.C. § 1681n(a).

## COUNT II
## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA)
## 15 U.S.C. § 1681 FOR WILLFUL NON-COMPLIANCE
## BY DEFENDANT ASSET ACCEPTANCE LLC

32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

34. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

35. Consumer credit report is a consumer report within the meaning of FCRA, 15 U.S.C. §1681a(d).

36. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

37. On June 6, 2011 Defendant obtained a second time the Plaintiff's Experian consumer credit report without a permissible purpose in violation of FCRA, 15 U.S.C. § 1681b (See Exhibit A).

38. The Defendant was required pursuant to FCRA § 1681q, 1681n and 1681o to refrain from obtaining consumers reports from credit reporting agencies under false pretenses.

39. There was no account that the Defendant had any right to collect to have had permissible

5

purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

40. At no time has Defendant ever indicated what justification they may have had for obtaining Plaintiff's credit report.

41. The Defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so.

42. On its own authority, and without provocation, solicitation or the permission of the Plaintiff to do so, Defendant obtained Plaintiff's consumer credit report.

43. As a result of the Defendant's conduct, action and inaction Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials and lowering of credit lines.

44. Without a permissible purpose or Plaintiff's consent Defendant's conduct constituted a willful and /or negligent reckless violation of the FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy rendering them liable for statutory damages pursuant to 15 U.S.C. § 1681n(a).

## COUNT III
## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA)
## 15 U.S.C. § 1681 FOR WILLFUL NON-COMPLIANCE
## BY DEFENDANT RJM ACQUISITIONS FUNDING

45. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

47. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

48. Consumer credit report is a consumer report within the meaning of FCRA, 15 U.S.C. §1681a(d).

49. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

50. On June 11, 2011 Defendant obtained a third time the Plaintiff's Experian consumer credit report without a permissible purpose in violation of FCRA, 15 U.S.C. § 1681b (See Exhibit A).

51. The Defendant was required pursuant to FCRA § 1681q, 1681n and 1681o to refrain from obtaining consumers reports from credit reporting agencies under false pretenses.

52. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

53. At no time has Defendant ever indicated what justification they may have had for obtaining Plaintiff's credit report.

54. The Defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so.

55. On its own authority, and without provocation, solicitation or the permission of the Plaintiff to do so, Defendant obtained Plaintiff's consumer credit report.

56. As a result of the Defendant's conduct, action and inaction Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials and lowering of credit lines.

57. Without a permissible purpose or Plaintiff's consent Defendant's conduct constituted a willful and/or negligent reckless violation of the FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy rendering them liable for statutory damages pursuant to 15 U.S.C. § 1681n(a).

## COUNT IV
## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA)
## 15 U.S.C. § 1681 FOR WILLFUL NON-COMPLIANCE
## BY DEFENDANT RJM ACQUISITIONS FUNDING

58. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

60. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

61. Consumer credit report is a consumer report within the meaning of FCRA, 15 U.S.C. §1681a(d).

62. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

63. On June 13, 2011 Defendant obtained <u>a fourth time</u> the Plaintiff's Experian consumer credit report without a permissible purpose in violation of FCRA, 15 U.S.C. § 1681b (See Exhibit A).

64. The Defendant was required pursuant to FCRA § 1681q, 1681n and 1681o to refrain from obtaining consumers reports from credit reporting agencies under false pretenses.

65. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

66. At no time has Defendant ever indicated what justification they may have had for obtaining Plaintiff's credit report.

67. The Defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so.

68. On its own authority, and without provocation, solicitation or the permission of the Plaintiff to do so, Defendant obtained Plaintiff's consumer credit report.

69. As a result of the Defendant's conduct, action and inaction Plaintiff suffered damage by loss of

credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials and lowering of credit lines.

70. Without a permissible purpose or Plaintiff's consent Defendant's conduct constituted a willful and/or negligent reckless violation of the FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy rendering them liable for statutory damages pursuant to 15 U.S.C. § 1681n(a).

## COUNT V
### VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA) 15 U.S.C. § 1681 FOR WILLFUL NON-COMPLIANCE BY DEFENDANT RJM ACQUISITIONS FUNDING

71. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

72. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

73. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

74. Consumer credit report is a consumer report within the meaning of FCRA, 15 U.S.C. §1681a(d).

75. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

76. On July 16, 2011 Defendant obtained a fifth time the Plaintiff's Experian consumer credit report without a permissible purpose in violation of FCRA, 15 U.S.C. § 1681b (See Exhibit A).

77. The Defendant was required pursuant to FCRA § 1681q, 1681n and 1681o to refrain from obtaining consumers reports from credit reporting agencies under false pretenses.

78. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

79. At no time has Defendant ever indicated what justification they may have had for obtaining

Plaintiff's credit report.

80. The Defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so.

81. On its own authority, and without provocation, solicitation or the permission of the Plaintiff to do so, Defendant obtained Plaintiff's consumer credit report.

82. As a result of the Defendant's conduct, action and inaction Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials and lowering of credit lines.

83. Without a permissible purpose or Plaintiff's consent Defendant's conduct constituted a willful and/or negligent reckless violation of the FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy rendering them liable for statutory damages pursuant to 15 U.S.C. § 1681n(a).

## COUNT VI
## VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA)
## 15 U.S.C. § 1681 FOR WILLFUL NON-COMPLIANCE
## BY DEFENDANT RJM ACQUISITIONS FUNDING

84. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

85. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

86. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

87. Consumer credit report is a consumer report within the meaning of FCRA, 15 U.S.C. §1681a(d).

88. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

89. On October 7, 2011 Defendant obtained a sixth time the Plaintiff's Experian consumer credit

report without a permissible purpose in violation of FCRA, 15 U.S.C. § 1681b (See Exhibit A).

90. The Defendant was required pursuant to FCRA § 1681q, 1681n and 1681o to refrain from obtaining consumers reports from credit reporting agencies under false pretenses.

91. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

92. At no time has Defendant ever indicated what justification they may have had for obtaining Plaintiff's credit report.

93. The Defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so.

94. On its own authority, and without provocation, solicitation or the permission of the Plaintiff to do so, Defendant obtained Plaintiff's consumer credit report.

95. As a result of the Defendant's conduct, action and inaction Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials and lowering of credit lines.

96. Without a permissible purpose or Plaintiff's consent Defendant's conduct constituted a willful and/or negligent reckless violation of the FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy rendering them liable for statutory damages pursuant to 15 U.S.C. § 1681n(a).

## PRAYER FOR RELIEF

"**WHEREFORE,** Plaintiff respectfully prays that judgment be awarded in his favor against Defendant as follows:"

1. Actual or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(b);
2. Any Attorney's fees, Other fees and costs pursuant to 15 U.S.C. § 1681n(a)(3);
3. That Plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of a jury sufficient to prevent these actions herein from occurring again pursuant to 15 U.S.C. § 1681n(a)(2); and,
4. That Plaintiff recover such other an further relief as is just and proper.

5. If there are deficiencies, the court should allow the pro se Plaintiff, under Haines v Kerner to Amend his complaint to properly address any deficiencies and to add additional counts if the Defendant continues to violate sections of the Fair Credit Reporting Act after the date of the filing of this amended complaint.

Dated: January 2,  2013
Respectfully Submitted,

By: _____

Moses Perl
337 Schunnemunk Road
Highland Mills, NY 10930
ip84510950@gmail.com

12

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF NEW YORK    )
                               ) ss

COUNTY OF ORANGE    )

Plaintiff, Moses Perl, hereby declares under the penalty of perjury that the foregoing is true and correct:

1. I am the Plaintiff in this civil proceeding.

2. I have read the foregoing Verified Complaint and I believe that all of the facts contained therein are true to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded, cognizable in facts and warranted by existing law or by good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass the Defendant, cause them unnecessary delay, or to create a needless increase in the cost of litigation to any Defendant, named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Pursuant to 28 U.S.C. § 1746(2), I, Moses Perl, hereby declare under penalty of perjury that the foregoing is true and correct.

Dated: January 2,  2013

By: _____
           Moses Perl

## CERTIFICATION & AFFIRMATION OF SERVICE

I Moses Perl hereby certify and declare under penalty of perjury that a true and correct copy of the above and foregoing Plaintiff's Amended Complaint was mailed on the 2nd day of January, in the year of 2013, thru the U.S. Mail to the parties listed below.

**Via Certified Mail Return Receipt #** 7012 1010 0003 5809 0270

**Jonathan D. Elliot**
Zeldes, Needle & Cooper, P.C.
1000 Lafayette Boulevard
Bridgeport, CT  06604
Tel:  203-333-9441
Fax: 203-333-1489
Email: jelliot@znclaw.com

Dated: January 2,  2013
Respectfully Submitted,

By:

Moses Perl

14



**Experian™**
A world of insight

Prepared for: **MOSES PERL**
Date:
Report number:

**EXHIBIT A**

Dear MOSES PERL ,

*To assist you in understanding your correction summary, we have provided additional information that relates directly to items on your personal credit report.*

By federal law, your personal credit report mus
requested your credit history. In accordance w
entities who have certified to Experian that the
may inquire about credit information. For exan
granted you credit or with whom you have app
collecting on transactions that you initiated or
you, are permitted to make inquiries on your ca
credit history remain on the personal credit rep

Inquiries from credit grantors who request your
your application for credit will display under the
others" on your personal credit report. These i
report when it is accessed by others with a pen
inquiries may affect your credit score.

Other inquiries for your credit information are c
not affect your credit score. Some examples a
monitor your accounts; other creditors who wan
credit; an employer who wishes to extend an of
potential investor assessing the risk of a curren
inquiries appear under the heading "Inquiries s
personal credit report. You will not receive this
this same item within the next 30 days.

Sincerely,

Experian
NCAC
PO BOX 9701
Allen TX 75013



Scan me with your smart phone
for special offers from Experian.

PO Box 9701
Allen, TX 75013





Prepared for: **MOSES PERL**
Date:
Report number:

**Request for your credit
history**

**Request for your credit
history _continued_**

RJM ACQUISITIONS
FUNDING
05062011

RJM ACQUISITIONS
FUNDING
06062011

RJM ACQUISITIONS
FUNDING
06112011

RJM ACQUISITIONS
FUNDING
06132011

RJM ACQUISITIONS
FUNDING
07162011

Visit experian.com/status to check the status of
your pending disputes at any time

## RJM ACQUISITIONS FUNDING

Address:
575 UNDERHILL BLVD STE 224
SYOSSET NY 11791
(800) 650-8784

Date of Request:
10/07/2011

## EXPERIAN

Address:
PO BOX 9600
ALLEN TX 75013
*No phone number available*

Date of Request:
08/23/2011

## PROGRESSIVE INSURANCE

Address:
6300 WILSON MILLS RD
CLEVELAND OH 44143
*No phone number available*

Date of Request:
03/25/2011

The *Fair Credit Reporting Act* allows only authorized inquiries to appear on the consumer credit report.

From:                                    May 16, 2011
Moses Perl
337 Schunnemunk Road
Highland Mills, NY 10930

**EXHIBIT B**

To:
RJM ACQUISITIONS FUNDING
575 Underhill Blvd. Suite 284
Syosset, NY 11791

Re:  Unauthorized Credit Inquiries.

Dear Douglas I. Greenberg:

Kindly note that while checking my personal credit report which I acquired from
Experian, I noticed inquiries made by your organization.

The dates of the inquiries are as follows: May 6, 2011.

Since I have not approved your organization or any person associated with it to the best
of my knowledge, you were not legally entitled to make these inquiries. Hence, I request
you to contact the concerned credit bureau and the credit reporting agencies and remove
the unauthorized inquiries as it violates the.

Fair Credit Reporting Act, Section 1681b(c): Transactions Not Initiated by Consumer,
and also the NY Code - Section 380-B: Permissible dissemination of reports N.Y. GBS.
LAW § 380-b(a)(3)(i).

The only way your company could prove a permissible purpose for obtaining my credit
report is to provide proof of an account I am contractually obligated to pay with them.

I also request you to remove my personal information from your records after removing
the unauthorized inquiries from my credit profiles as I never had any contracts, accounts,
with your company.  Please send me a written confirmation that you have kept my
requests.  You are also financially harming me with this unauthorized inquiries, which is
a strict violation of Title 48 FAR 50.201 and FCRA 604(A)(3).

If you believe that you possess sufficient documentation that supports your authorization
to make the inquiry, I am requesting a general or specific certification as to what
permissible purpose you may have had, please be kind enough to forward me a copy of
that at my current address so that I may verify its validity.

If I do not have confirmation that you have deleted the inquiry or documentation that supports an authorized inquiry, then I will have no choice but to take all legal steps necessary to protect myself and you will be subject to a minimum fine of $1,000.00 for each violation.


May 16, 2011                    Respectfully submitted,


                                By: _____
                                    Moses Perl,

April 16, 2012

From:
Moses Perl
337 Schunnemunk Road
Highland Mills, NY 10930

**EXHIBIT C**

To:
RJM ACQUISITIONS FUNDING
575 Underhill Blvd. Suite 284
Syosset, NY  11791

## NOTICE OF PENDING LAWSUIT

To whom it may concern:

     This is being sent prior to filing lawsuit as an opportunity to amicably cure **RJM ACQUISITIONS FUNDING** violations of the Fair Credit Reporting Act (FCRA)15 U.S.C. § 1681.


     I appreciate the fact that you are willing to admit and correct the credit report but that does not eliminate the violations which have already occured. If you are willing to settle amicably outside litigation as i have already stated that i will stop with filing the suit.

However I am fully prepared to file the suit should you not wish to settle.

I can be reached via email   ip84510950@gmail.com.

                    Dated: April 16, 2012

                    Respectfully Submitted,

                    By: _____
                         Moses Perl

P.S. Please note as it will be filed on  5/8/2012