UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

MOSES PERL,

          Plaintiff,

    -against-

RJM ACQUISITIONS FUNDING,

          Defendant.
----------------------------------------------------------X

12-CV-3949 (CS)

**ANSWER TO
AMENDED COMPLAINT**

Defendant RJM Acquisitions Funding LLC ("RJM"), by its attorneys Lewis Brisbois Bisgaard & Smith LLP, as and for its Answer to the Amended Complaint, alleges as follows:

## INTRODUCTION

1.     Denies the allegations contained in the introductory statement, except admits that the Court granted Plaintiff leave to amend the Complaint and that Plaintiff purports to explain the nature of this action.

## JURISDICTION AND VENUE

2.     Denies the allegations contained in paragraph 1, except admits that Plaintiff purports to invoke the jurisdiction of this Court under the referenced statutes.

3.     Denies the allegations contained in paragraph 2, except admits that Plaintiff purports to invoke the jurisdiction of this Court and denies knowledge or information as to Plaintiff's place of residence.

4.     Denies the allegations contained in paragraph 3, except admits that Plaintiff purports to invoke the jurisdiction of this Court.

5.     Denies the allegations contained in paragraph 4, except admits that Plaintiff purports to invoke the jurisdiction of this Court.

6.      Denies the allegations contained in paragraph 5, except admits that Plaintiff purports to invoke the jurisdiction of this Court.

7.      Denies the allegations contained in paragraph 6, except admits that Plaintiff purports to invoke the venue of this Court and denies knowledge or information as to Plaintiff's place of residence.

## PARTIES

8.      Denies the allegations contained in paragraph 7 that Plaintiff is a consumer under the referenced statute, denies knowledge or information sufficient to form a belief as to the remaining allegations contained therein and refers all questions of law to the Court.

9.      Denies the allegations contained in paragraph 8, except admits that RJM has a principal place of business located at 575 Underhill Blvd., Suite 224, Syosset, New York 11791 and refers all questions of law to the Court.

## FACTUAL ALLEGATIONS

10.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9.

11.     Denies the allegation contained in paragraph 10 that RJM obtained Plaintiff's consumer credit report on the referenced dates and denies knowledge or information sufficient to form a belief as to the remaining allegations contained therein and refers to the referenced document for the contents thereof.

12.     Denies the allegations contained in paragraph 11 and refers all questions of law to the Court and refers all questions of law to the Court.

13.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 and refers to the referenced document for the contents thereof.

14.     Denies the allegations contained in paragraph 13.

15.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14 and refers to the referenced document for the contents thereof.

16.     Denies the allegations contained in paragraph 15.

17.     Denies the allegations contained in paragraph 16 and refers all questions of law to the Court.

## COUNT I

18.     In response to the allegations contained in paragraph 17, the allegations contained in paragraphs 1 through 17 above are repeated as if fully set forth herein.

19.     Denies the allegations contained in paragraph 18 and refers all questions of law to the Court.

20.     Denies the allegations contained in paragraph 19 and refers all questions of law to the Court.

21.     Denies the allegations contained in paragraph 20 and refers all questions of law to the Court.

22.     Denies the allegations contained in paragraph 21 and refers all questions of law to the Court.

23.     Denies the allegations contained in paragraph 22 and refers all questions of law to the Court.

24.     Denies the allegations contained in paragraph 23 and refers all questions of law to the Court.

25.     Denies the allegations contained in paragraph 24 and refers all questions of law to the Court.

26.     Denies the allegations contained in paragraph 25 and refers all questions of law to the Court.

27.     Denies the allegations contained in paragraph 26 and refers all questions of law to the Court.

28.     Denies the allegations contained in paragraph 27.

29.     Denies the allegations contained in paragraph 28 and refers all questions of law to the Court.

30.     Denies the allegations contained in paragraph 29.

31.     Denies the allegations contained in paragraph 30 and refers all questions of law to the Court.

32.     Denies the allegations contained in paragraph 31 and refers all questions of law to the Court.

## COUNT II

33.     In response to the allegations contained in paragraph 32, the allegations contained in paragraphs 1 through 32 above are repeated as if fully set forth herein.

34.     Denies the allegations contained in paragraph 33 and refers all questions of law to the Court.

35.     Denies the allegations contained in paragraph 34 and refers all questions of law to the Court.

36.     Denies the allegations contained in paragraph 35 and refers all questions of law to the Court.

37.     Denies the allegations contained in paragraph 36 and refers all questions of law to the Court.

38.     Denies the allegations contained in paragraph 37 and refers all questions of law to the Court.

39.     Denies the allegations contained in paragraph 38 and refers all questions of law to the Court.

40.     Denies the allegations contained in paragraph 39 and refers all questions of law to the Court.

41.     Denies the allegations contained in paragraph 40.

42.     Denies the allegations contained in paragraph 41 and refers all questions of law to the Court.

43.     Denies the allegations contained in paragraph 42.

44.     Denies the allegations contained in paragraph 43 and refers all questions of law to the Court.

45.     Denies the allegations contained in paragraph 44 and refers all questions of law to the Court.

**COUNT III**

46.     In response to the allegations contained in paragraph 45, the allegations contained in paragraphs 1 through 45 above are repeated as if fully set forth herein.

47.     Denies the allegations contained in paragraph 46 and refers all questions of law to the Court.

48.     Denies the allegations contained in paragraph 47 and refers all questions of law to the Court.

49.     Denies the allegations contained in paragraph 48 and refers all questions of law to the Court.

50.     Denies the allegations contained in paragraph 49 and refers all questions of law to the Court.

51.     Denies the allegations contained in paragraph 50 and refers all questions of law to the Court.

52.     Denies the allegations contained in paragraph 51 and refers all questions of law to the Court.

53.     Denies the allegations contained in paragraph 52 and refers all questions of law to the Court.

54.     Denies the allegations contained in paragraph 53.

55.     Denies the allegations contained in paragraph 54 and refers all questions of law to the Court.

56.     Denies the allegations contained in paragraph 55.

57.     Denies the allegations contained in paragraph 56 and refers all questions of law to the Court.

58.     Denies the allegations contained in paragraph 57 and refers all questions of law to the Court.

## COUNT IV

59.     Answering the allegations contained in paragraph 58, the allegations contained in paragraphs 1 through 58 above are repeated as if fully set forth herein.

60.     Denies the allegations contained in paragraph 59 and refers all questions of law to the Court.

61.     Denies the allegations contained in paragraph 60 and refers all questions of law to the Court.

62.     Denies the allegations contained in paragraph 61 and refers all questions of law to the Court.

63.     Denies the allegations contained in paragraph 62 and refers all questions of law to the Court.

64.     Denies the allegations contained in paragraph 63 and refers all questions of law to the Court.

65.     Denies the allegations contained in paragraph 64 and refers all questions of law to the Court.

66.     Denies the allegations contained in paragraph 65 and refers all questions of law to the Court.

67.     Denies the allegations contained in paragraph 66.

68.     Denies the allegations contained in paragraph 67 and refers all questions of law to the Court.

69.     Denies the allegations contained in paragraph 68.

70.     Denies the allegations contained in paragraph 69 and refers all questions of law to the Court.

71.     Denies the allegations contained in paragraph 70 and refers all questions of law to the Court.

**COUNT V**

72.     Answering the allegations of paragraph 71, the allegations contained in paragraphs 1 through 71 above are repeated as if fully set forth herein.

73.     Denies the allegations contained in paragraph 72 and refers all questions of law to the Court.

74.     Denies the allegations contained in paragraph 73 and refers all questions of law to the Court.

75.     Denies the allegations contained in paragraph 74 and refers all questions of law to the Court.

76.     Denies the allegations contained in paragraph 75 and refers all questions of law to the Court.

77.     Denies the allegations contained in paragraph 76 and refers all questions of law to the Court.

78.     Denies the allegations contained in paragraph 77 and refers all questions of law to the Court.

79.     Denies the allegations contained in paragraph 78 and refers all questions of law to the Court.

80.     Denies the allegations contained in paragraph 79.

81.     Denies the allegations contained in paragraph 80 and refers all questions of law to the Court.

82.     Denies the allegations contained in paragraph 81.

83.     Denies the allegations contained in paragraph 82 and refers all questions of law to the Court.

84.     Denies the allegations contained in paragraph 83 and refers all questions of law to the Court.

## COUNT VI

85.     Answering the allegations contained in paragraph 84, the allegations contained in paragraphs 1 through 84 above are repeated as if fully set forth herein.

86.     Denies the allegations contained in paragraph 85 and refers all questions of law to the Court.

87.     Denies the allegations contained in paragraph 86 and refers all questions of law to the Court.

88.     Denies the allegations contained in paragraph 87 and refers all questions of law to the Court.

89.     Denies the allegations contained in paragraph 88 and refers all questions of law to the Court.

90.     Denies the allegations contained in paragraph 89 and refers all questions of law to the Court.

91.     Denies the allegations contained in paragraph 90 and refers all questions of law to the Court.

92.     Denies the allegations contained in paragraph 91 and refers all questions of law to the Court.

93.     Denies the allegations contained in paragraph 92.

94.     Denies the allegations contained in paragraph 93 and refers all questions of law to the Court.

95.     Denies the allegations contained in paragraph 94.

96.     Denies the allegations contained in paragraph 95 and refers all questions of law to the Court.

97.     Denies the allegations contained in paragraph 96 and refers all questions of law to the Court.

## FIRST AFFIRMATIVE DEFENSE

98.     The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

99.     At all times mentioned in the Complaint, RJM acted lawfully and within its legal rights, with a good faith belief in the exercise of those rights, in furtherance of a legitimate business purpose, and in good faith and in the honest belief that its acts, conduct and communications were justified under the circumstances based on information reasonably available.

## THIRD AFFIRMATIVE DEFENSE

100.    Assuming *arguendo* that RJM violated a statute as alleged in Plaintiff's Amended Complaint, which RJM denies, such violation was neither negligent nor intentional, and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## FOURTH AFFIRMATIVE DEFENSE

101.    Any harm suffered by Plaintiff was not caused by any act or omission of RJM.

## FIFTH AFFIRMATIVE DEFENSE

102.    Any harm suffered by Plaintiff was caused by Plaintiff's own culpable conduct or the conduct of third parties over which RJM had no control and for which RJM cannot be held responsible.

## SIXTH AFFIRMATIVE DEFENSE

103.    At all times mentioned in the Complaint, RJM maintained reasonable procedures created to prevent any intentional violations of the Fair Credit Reporting Act.

WHEREFORE, defendant RJM Acquisitions Funding LLC respectfully requests that:

a.    The Court dismiss the Amended Complaint in its entirety with prejudice;

b.    The Court award it the costs and expenses incurred in connection with this action, including reasonable attorneys' fees; and

c.    The Court grant such other and further relief as is just and proper.

Dated: New York, New York
       February 15, 2013

                                LEWIS BRISBOIS BISGAARD & SMITH LLP

                        By:     _____
                                Peter T. Shapiro, Esq.
                                *Attorneys for Defendant*
                                77 Water Street, Suite 2100
                                New York, New York 10005
                                212-232-1300
                                pshapiro@lbbslaw.com

TO:    Moses Perl
       *Plaintiff Pro Se*
       337 Schunnemunk Road
       Highland Mills, New York 10930