UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MOSES PERL,                                                                    12-CV-3949 (CS)

             Plaintiff,

      -against-

RJM ACQUISITIONS FUNDING,

             Defendant.
-----------------------------------------------------------X


**DEFENDANT RJM ACQUISITIONS FUNDING LLC'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**


LEWIS BRISBOIS BISGAARD & SMITH LLP
*Attorneys for Defendant*
77 Water Street, 21st Floor
New York, New York 10005
212-232-1300

4836-6012-5203.1

## Preliminary Statement

Defendant RJM Acquisitions Funding LLC ("RJM"), by its attorneys Lewis Brisbois Bisgaard & Smith LLP, submits this memorandum of law in support of its motion for an order pursuant to Rule 12(c) of the Federal Rules of Civil Procedure granting judgment on the pleadings or, alternatively, Rule 56 granting summary judgment dismissing the *Pro Se* Amended Complaint with prejudice.[1] As demonstrated below, dismissal is appropriate under Rule 12(c) because Plaintiff fails to state any claims for relief under the Fair Credit Reporting Act ("FCRA"). In addition, dismissal is appropriate under Rule 56 because RJM had a permissible purpose to access Plaintiff's consumer credit reports. Accordingly, this action should be dismissed.

The Amended Complaint alleges that plaintiff Moses Perl ("Perl") discovered that RJM had obtained his consumer credit reports on six different occasions. Perl avers that he did not consent to RJM's procurement of his credit reports, that he did not have any relationship with RJM that would legitimize its access to such reports and, thus, that RJM accessed his consumer credit reports without permissible purpose and under false pretenses in violation of the FCRA.

Perl incurred a debt in the amount of $338.84 owed to Finger Hut. On or around August 16, 2002, Finger Hut assigned said debt to RJM. In turn, RJM accessed Perl's consumer credit report in its ongoing investigation and efforts to collect Perl's debt in accordance with the FCRA. Because the FCRA explicitly allows for access to and/or use of a consumer's credit report in connection with a credit transaction and the review or collection of a consumer account, RJM had a permissible purpose to access Perl's reports. In sum, Perl cannot raise a genuine issue of fact with respect to his FCRA claims and the Amended Complaint should be dismissed with prejudice as against RJM.

---

[1] Also submitted herewith are the Declaration of Peter T. Shapiro, Esq. (the "Shapiro Decl.."), RJM's Rule 56.1 Statement of Undisputed Facts (the "RJM Statement") and the Affidavit of Douglas Greenberg (the "Greenberg Aff.").

**The Factual Background and Allegations of the Amended Complaint**

RJM is a debt acquisition and collection company based in Syosset, New York (Greenberg Aff. ¶ 3). In its normal course of business, RJM accesses debtors' consumer credit reports in order to properly collect outstanding debts that it has been assigned. (Greenberg Aff. ¶ 4). Perl incurred a debt in the amount of $338.84 owed to Finger Hut (Greenberg Aff. ¶ 5). On or around August 16, 2002, Finger Hut assigned Perl's debt to RJM to pursue collection (Greenberg Aff. ¶ 6).

Perl alleges that after obtaining his consumer credit reports from Experian, a credit reporting agency, he discovered entries by entities, including RJM, with which he was unfamiliar (Am. Compl. ¶ 9). Perl asserts that RJM obtained his credit reports on six occasions without permissible purpose: May 6, 2011, June 6, 2011, June 11, 2011, June 13, 2011, July 16, 2011, October 7, 2011 (Am. Compl. ¶¶ 24, 37, 50, 63, 76, 89). Perl further alleges that RJM obtained his credit reports under false pretenses (Am. Compl. ¶¶ 25, 38, 51, 64, 77, 90). On these six occasions, RJM accessed Perl's consumer credit reports in its investigation and collection of his outstanding debt (Greenberg Aff. ¶ 7). Specifically, RJM's access was occasioned by virtue of a "soft inquiry," an industry practice by which debt collectors use a product that provides automatic address updates for persons from whom they are attempting to collect debts (Greenberg Aff. ¶ 7). RJM received updates concerning Perl via use of a "soft inquiry", which apparently registered as the equivalent of RJM pulling his credit record on each occasion (Greenberg Aff. ¶ 7).

Perl claims that he did not give RJM authority or consent to obtain his credit reports and that he did not have a relationship with RJM that would allow it to obtain such reports (Am. Compl. ¶ 11). Perl avers that he never entered into any contracts with RJM, never had any business dealings or accounts with RJM and did not submit any credit or employment applications with RJM (Am. Compl. ¶ 23). He further avers that there was no account on which RJM was entitled to collect that

would provide it with a permissible purpose to pull his credit reports (Am. Compl. ¶ 26). He alleges

that on May 16, 2011, he transmitted a letter to RJM requesting verification as to what permissible

purpose it had to obtain his credit reports and that RJM failed to respond (Am. Compl. ¶¶ 13-14).

Perl's Amended Complaint asserts six claims for relief against RJM. Each claim for relief

alleges that on an occasion during 2011, RJM lacked a permissible purpose to pull Perl's consumer

credit reports, obtained Perl's credit reports under false pretenses and, by accessing such reports,

committed a willful, reckless or negligent violation of the FCRA. Perl alleges that as a result of

RJM's conduct, he has suffered damages including loss of credit, loss of the ability to obtain credit,

emotional pain and embarrassment as a result of being denied credit. Perl seeks actual or statutory

damages under the FCRA, punitive damages, attorneys' fees and costs.

## ARGUMENT

## I.     PLAINTIFF FAILS TO STATE ANY CLAIMS FOR RELIEF UNDER THE FAIR CREDIT REPORTING ACT

The Amended Complaint is glaringly devoid of any factual allegations that support Perl's

claims that RJM violated the FCRA. Perl has not stated a claim based on Section 1681b of the

FCRA which his Amended Complaint invokes. Under the statute, a plaintiff must allege both that

the defendant used or obtained the plaintiff's credit report for an impermissible purpose and that the

violation was willful or negligent. 15 U.S.C. §§§ 1681b(f), 1681n, 1681o; *see*, Casella v. Equifax

Credit Info. Servs., 56 F.3d 469, 473 (2d Cir. 1995); Advanced Conservation Sys. Inc. v. Long

Island Lighting Co., 934 F. Supp. 53, 54 (E.D.N.Y. 1996). The statute also provides for civil liability

when an entity willfully and knowingly obtains a credit report under false pretenses. See, 16 U.S.C.

§ 1681q. In assessing allegations of false pretenses, the Court should consider whether the reason for

obtaining the information at issue was a permissible purpose for which such information may be

furnished. Caldwell v. Gutman, Mitnz, Baker & Sonnenfeld, P.C., 08-CV-4207 (JFB)(WDW), 2012

U.S. Dist. LEXIS 43280, at *14-15 (E.D.N.Y. 2012). Willful noncompliance in the context of the FCRA means that an alleged violator knowingly or recklessly disregarded its obligation to have a permissible purpose to obtain a consumer's credit information. Safeco Ins. Co. of America v. Burr, 551 U.S. 47, 56-60 (2007); see generally, 15 U.S.C. § 1681n.

Perl fails to provide any factual allegations in support of his assertion in Counts I through VI that RJM willfully or negligently accessed his credit report or credit information for an impermissible purpose. In turn, Perl fails to adequately allege that RJM accessed his consumer credit reports under false pretenses. Because Perl merely talismanically invokes the elements of a claim for relief under the FCRA, the Amended Complaint fails to state a claim for relief as against RJM and should be dismissed with prejudice.

Miranda v. Miller & Milone, P.C., 12-CV-1782, 2012 U.S. Dist. LEXIS 162928 (E.D.N.Y. Nov. 13, 2012), is on point. There, a pro se plaintiff filed an action alleging that the defendant law firm willfully violated 15 U.S.C. § 1681b(f). Plaintiff's complaint consisted of conclusory allegations that defendants willfully violated the FCRA by obtaining his consumer report without permissible purpose. This Court found that such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." 2012 U.S. Dist. LEXIS at *2 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Therefore, the Court granted defendant's motion to dismiss because plaintiff provided "absolutely no factual allegations to support [his] conclusion" that defendant violated the FCRA. Id. at *3. The same rationale applies squarely in this case and mandates dismissal of the Amended Complaint.

Counts I through VI fail for an additional reason. Perl claims that RJM acted willfully, but he has not pleaded any factual allegations that address RJM's state of mind when it allegedly obtained his credit report. Perl alleges no facts that would establish that RJM knew it had no permissible

purpose or recklessly disregarded its obligation to have a permissible purpose to access Perl's credit report. While Perl pleads that RJM's conduct in violation of the FCRA was willful, he does so in a wholly conclusory manner. Perl fails to allege any facts which speak to RJM's state of mind when it allegedly obtained his consumer report.

Perl v. American Express, 12-CV-4380, 2012 U.S. Dist. LEXIS 94804, *5 (S.D.N.Y. July 9, 2012), is on point. There, in a similar FCRA action brought by this same plaintiff, the Court dismissed his FCRA claim without prejudice because he failed to allege any facts demonstrating willfulness on the part of defendants or related to defendants' state of mind when they allegedly obtained his credit reports. Similarly here, no remotely plausible FCRA claim has been asserted against movant. Dismissal pursuant to Rule 12(c) is therefore required.

## II.   RJM HAD A PERMISSIBLE PURPOSE TO ACCESS PERL'S CONSUMER CREDIT REPORTS AND DID NOT ACCESS THESE REPORTS UNDER FALSE PRETENSES

Assuming that the Court rules that plaintiff has stated a claim, dismissal is required under Rule 56. The assignment of Perl's debt to RJM and its subsequent collection thereof gave it a permissible purpose to access Perl's consumer credit reports. Because RJM had a permissible purpose to access Perl's credit reports, it did not access such reports under false pretenses. Therefore, plaintiff cannot raise a genuine issue of fact as to whether RJM committed any of the alleged violations under the FCRA.

To prove a willful violation of the FCRA, a plaintiff must show that credit information was obtained for an impermissible purpose. Edge v. Prof'l Claims Bureau, Inc., 64 F. Supp. 2d 115, 117 (E.D.N.Y. 1999). When there is a permissible purpose for the request of a consumer report, the report cannot have been obtained under false pretenses and the showing of such permissible purpose

is a complete defense. Id.; Advanced Conservation Sys., Inc. v. Delemo, 934 F. Supp. 53, 54 (E.D.N.Y. 1996).

The exclusive list of permissible purposes for which a consumer's credit report may be obtained are set forth in 15 U.S.C. § 1681b. The relevant portion of that section states that a consumer credit report is furnished for a permissible purpose where the party requesting the report "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of the consumer." § 1681b(3)(A).

Here, on all six occasions on which Perl alleges that RJM pulled his credit reports, RJM had a permissible purpose to access such reports. Perl had an outstanding debt in the amount of $338.84 owed to Finger Hut. (Greenberg Aff. ¶ 5). Finger Hut later assigned Perl's debt to RJM to pursue collection (Greenberg Aff. ¶ 6). RJM's sole purpose behind accessing Perl's consumer credit reports was to properly investigate and collect on Perl's debt (Greenberg Aff. ¶ 7).

Edge v. Prof'l Claims Bureau, Inc., 64 F. Supp.2d 115 (E.D.N.Y. 1999), is instructive. There, the defendant debt collection agency was referred a debt for collection the payment of which was guaranteed by plaintiff. Id. at 116. In light of the collection agency's receipt of a letter marked undeliverable that it had sent to plaintiff, the agency accessed plaintiff's credit reports to obtain plaintiff's mailing address. Id. The Court held that the referral of a debt gave the collection agency a permissible purpose for obtaining plaintiff's credit information, and that the existence of a permissible purpose constituted a complete defense and granted summary judgment in favor of defendant on the FCRA claim. Id. at 118. So too, here, RJM accessed Perl's credit information in order to collect on a debt owed by him. Accordingly, RJM had a permissible purpose to access Perl's consumer credit reports.

Perl also alleges that RJM obtained his credit reports under false pretenses. The FCRA provides for civil liability when a credit report user willfully and knowingly obtains a credit report under false pretenses for an impermissible purpose. See, 16 U.S.C. §§ 1681b, 1681n, and 1681q. The determination of "[w]hether a consumer report has been obtained under false pretenses is ordinarily determined with reference to the permissible purposes for which consumer reports may be obtained." Stonehart v. Rosenthal, 01-CV-651 (SAS), 2001 U.S. Dist. LEXIS 11566, at *16 (S.D.N.Y. Aug. 13, 2001)(citations omitted).

Perl has not identified any such false pretenses. But even if he had done so, his claim would fail because, as explained above, RJM had a permissible purpose for obtaining Perl's consumer credit reports and the existence of such permissible purpose constitutes a complete defense to Perl's claim that his information was obtained under false pretenses. Stonehart, 2001 U.S. Dist. LEXIS at * 17 (granting defendant summary judgment on FCRA claim because it had a permissible purpose for obtaining plaintiff's credit report and did not obtain plaintiff's information under false pretenses); Edge, 64 F. Supp. 2d at 118 (granting debt collector summary judgment on FCRA claim because the "existence of . . . permissible purpose constitutes a complete defense to the claim that the information was obtained under false pretenses).

In sum, it is beyond dispute that RJM engaged in lawful efforts to collect Perl's debt because the collection of Perl's debt served as a permissible purpose for accessing his consumer credit reports and, because RJM did not access Perl's credit information under false pretenses, Perl's FCRA claims against RJM must fail. RJM's motion should be granted because Perl cannot raise a genuine issue of material fact with respect to his FCRA claims against RJM.

## CONCLUSION

For the foregoing reasons, defendant RJM Acquisitions Funding LLC respectfully requests that the Court grant its motion in its entirety and dismiss the Amended Complaint with prejudice.

Dated: New York, New York
      May 10, 2013

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____

Peter T. Shapiro, Esq.
*Attorneys for Defendant*
77 Water Street, Suite 2100
New York, New York 10005
212-232-1300

## CERTIFICATE OF SERVICE

Peter T. Shapiro, an attorney duly admitted to practice before this Court, certifies that on May 10, 2013, he caused to be filed via ECF and served on the *pro se* plaintiff via first class mail Movant's Memorandum of Law.

_____
Peter T. Shapiro