UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MOSES PERL,                                                                    12-CV-3949 (CS)

        Plaintiff,

  -against-

RJM ACQUISITIONS FUNDING,

        Defendant.
------------------------------------------------------------X


**DEFENDANT RJM ACQUISITIONS FUNDING LLC'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**


LEWIS BRISBOIS BISGAARD & SMITH LLP
*Attorneys for Defendant*
77 Water Street, 21st Floor
New York, New York 10005
212-232-1300

4811-1751-3236.1

**Preliminary Statement**

Defendant RJM Acquisitions Funding LLC ("RJM"), by its attorneys Lewis Brisbois Bisgaard & Smith LLP, submits this reply memorandum of law in further support of its motion to dismiss.[1] The Perl Memo failed to raise a genuine issue of triable fact with respect to Perl's claims that RJM accessed his consumer credit reports without a permissible purpose and under false pretenses. In response to RJM's showing via the Greenberg Aff. that, as a debt collector which was assignee of a debt he incurred, it had a permissible purpose for accessing his credit report, Perl "must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial." Call Ctr. Techs., Inc. v. Grand Adventure Tours & Travel Publ'g Corp., 615 F.3d 48, 52 (2d Cir. 2011). Perl has failed to do so. Perl merely reiterates that there are genuine issues of material fact as to his claims that RJM violated the FCRA because RJM had no permissible purpose to obtain his credit reports. Plaintiff has simply not mustered any facts to overcome RJM's showing that it had a permissible purpose to obtain his consumer credit reports.

Finally, to the extent that Perl argues that the Amended Complaint should not be dismissed as discovery herein is not complete, this argument is unavailing as further discovery will not uncover any facts in support of Perl's claims and he has not made clear what, if any, discovery would enable him to defeat the motion.

---

[1] Plaintiff's Memorandum in Opposition to RJM's Motion for Summary Judgment is cited as the "Perl Memo" and his Affidavit in Opposition to RJM's Motion for Summary Judgment is cited as the "Perl Aff." The Affidavit of Douglas Greenberg is cited as the "Greenberg Aff."

**ARGUMENT**

**I.   PLAINTIFF HAS NOT RAISED A GENUINE ISSUE OF FACT**

Perl has not raised a genuine issue of fact as to whether RJM violated the FCRA. Rather, Perl conclusorily states that RJM lacked a permissible purpose to access his consumer credit reports.[2] In opposition to a motion for summary judgment, Perl cannot rely on such "conclusory allegations." Trikas v. Universal Card Servs. Corp., 351 F. Supp. 2d 37, 44 (E.D.N.Y. 2005).

In opposition, Perl ignores RJM's authenticated business records submitted in support of the instant motion which reveal that he incurred a debt with Finger Hut that was ultimately assigned to RJM for collection. As RJM has demonstrated, the collection of Perl's debt provided RJM with a permissible purpose for obtaining Perl's consumer credit reports and the existence of that permissible purpose constitutes a complete defense to Perl's FCRA claims. Advanced Conservation Sys., Inc. v. Delemo, 934 F. Supp. 53, 54 (E.D.N.Y. 1996).

RJM's motion demonstrated that, because it accessed Perl's credit information in connection with the collection of a debt owed by him, and because the debt collection served as a permissible purpose to access such reports, Perl's claims that RJM violated the FCRA must fail. When there is a permissible purpose for the request for a consumer report, the report cannot have been obtained under false pretenses and the showing of such permissible purpose is a complete defense to an FCRA claim. Edge v. Prof'l Claims Bureau, Inc., 64 F. Supp. 2d 115, 117 (E.D.N.Y. 1999); Delemo, 934 F. Supp. at 54.

Perl contends that RJM has not submitted any evidence in support of its assertion that it had a permissible purpose to obtain his consumer credit reports (Perl Memo. ¶ 21). In doing so, he flatly

---

[2] Perl's assertions about his attempts to settle his putative FCRA dispute with RJM should be stricken as those communications are inadmissible pursuant to FRE 408.

ignores the substance of the Greenberg Aff. and the exhibits annexed thereto. Exhibits A and B to the Greenberg Aff. confirm that Perl had an outstanding debt owed to Finger Hut and that Finger Hut sold or assigned such debt to RJM. These documents support RJM's position that its collection of Perl's debt served as a permissible purpose for its obtaining access to his consumer credit reports. (Greenberg Aff. ¶¶ 5-8). As a result, Perl has no basis to contest that the assignment of his debt was made. Further, Perl does not contest that he had notice of the assignment and does not dispute that he incurred a debt with Finger Hut. Perl thus has not raised a genuine issue of fact as to his claim that RJM lacked a permissible purpose and that RJM used false pretenses to access his records.

Perl has conducted legal research to identify case law he believes sustains his claims. His efforts are misguided, as the cases cited are inapposite. Perl argues based on Pintos v. Pac. Creditors Ass'n, 565 F.3d 1106, 1113 (9th Cir. 2009), that a debt collector such as RJM cannot pursue the collection of a claim that has not yet been adjudicated. In Pintos, a towing company asserted a deficiency claim against plaintiff for towing and impounding costs and later transferred the claim to a collection agency. 565 F.3d at 1110. While the district court granted summary judgment in favor of the collection agency on plaintiff's FCRA claim, the Ninth Circuit reversed. It is critical that the Ninth Circuit's reversal is based in part on the fact that the collection agency's claim did not result from a transaction initiated by plaintiff. Id. at 1114. In contrast, here, RJM's collection efforts were predicated on a debt that Perl initiated and voluntarily incurred with Finger Hut. Therefore, Perl cannot argue that he did not initiate the debt at issue. To the extent the Ninth Circuit held that the debt collector was not seeking to collect on a judgment debt and that it lacked permissible purpose to obtain plaintiff's credit report, it is inconsistent with jurisprudence in this Circuit. E.g., Stonehart v. Rosenthal, 01-CV-651(SAS), 2001 U.S. Dist. LEXIS 11566, *13, fn. 11 (S.D.N.Y. Aug. 13, 2001)(finding that the collection of unpaid accounts is a permissible purpose under 15 U.S.C. §

1681b); Edge v. Prof'l Claims Bureau, Inc., 64 F. Supp. 2d 115(E.D.N.Y. 1999)(holding that obtaining plaintiff's consumer credit information for collection of debt is a permissible purpose).

Perl's reliance on Mone v. Dranow, 945 F.2d 306 (9th Cir. 1991), is similarly unavailing. In Mone, plaintiff's former employer obtained plaintiff's credit report to determine whether he had sufficient assets to pay a judgment in an unfair competition action. Id. at 307-08. The Ninth Circuit reversed the district court's grant of summary judgment in favor of the employer because he did not intend to use plaintiff's credit information in connection with a credit transaction involving a consumer. Id. at 308. Here, RJM's sole intention was to use Perl's consumer credit information in connection with the collection of a debt which he initiated. As such, the facts of Mone are readily distinguishable from the case at hand.

Perl further argues that, because RJM has not actually used his credit information to collect on the debt, such as by bringing a collection action against him, it necessarily lacks a permissible purpose (Perl Memo. ¶¶ 28, 31). The FCRA provides that the use of credit information in connection with a credit transaction serves as a permissible purpose for which a consumer's credit report may be obtained. 15 U.S.C. § 1681b. Here, Perl's outstanding debt to Finger Hut was assigned to RJM for collection purposes. RJM's access to Perl's consumer credit reports was solely to investigate and collect on the debt. Perl contends that the use of credit information in connection with a credit transaction alone is insufficient to provide for a permissible purpose, and that the existence of a permissible purpose is contingent upon a debt collector taking actual efforts to collect on a debt. Perl cites no case law to support this argument based on the obvious fact that no case law to support his position exists. Whether or not RJM decided to pursue this claim after accessing Perl's credit information is irrelevant.

Perl also argues that, because he has never made any application for credit, employment, or insurance to RJM, or any of its affiliated entities, RJM lacks permissible purpose to obtain his consumer credit information (Perl Aff. ¶ 8). That argument ignores the plain language of the FCRA, which provides that a consumer credit report is furnished for a permissible purpose where the party requesting the report "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of the consumer." 15 U.S.C. § 1681b(3)(A). Perl cannot dispute the Greenberg Aff.'s showing that he incurred a debt with Finger Hut that was assigned to RJM for collection.

Perl does not provide any legal support for his claim that RJM "is not authorized to collect an alleged account on behalf of [an] actual creditor." (Perl Memo. ¶ 25). Perl seemingly contends that, because the FCRA does not define the terms "debt collector" or "debt collection agency," RJM does not have a permissible purpose to access his credit reports and collect on his debt (Perl Memo. ¶ 24-25). Although the FCRA does not define "debt collector", "its sister act, the Fair Debt Collection Practices Act . . . defines a debt collector as any person who uses an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of debts." Weitz v. Wagner, 07-CV-1106 (ERK)(ETB), 2008 U.S. Dist. LEXIS 61112, *15-16 fn. 4 (E.D.N.Y. July 24, 2008)(internal quotations and citations omitted). RJM is a debt acquisition and collection company (Greenberg Aff. ¶ 3), and clearly constitutes a "debt collector" under the above definition. Further, as assignee of Perl's debt, RJM was entitled under the FCRA to obtain Perl's credit report for review or collection of the assigned debt. Ostrander v. Unifund Corp., 07-CV-86, 2008 U.S. Dist. LEXIS, *7 (W.D.N.Y. Mar. 28, 2008)(dismissing FCRA claim against assignee of debt because it

was entitled to obtain plaintiff's credit report for the permissible purpose of reviewing or collecting on the debt).

Grant v. RJM Acquisitions Funding, LLC, 11-C-8851 (JZL), 2013 U.S. Dist. LEXIS 85120 (N.D. Ill. June 18, 2013), is instructive. There, RJM obtained the plaintiff's credit report in connection with its efforts to collect on a debt that the plaintiff incurred with Finger Hut. Grant, 2013 U.S. Dist. LEXIS at *3. Plaintiff alleged that RJM improperly obtained his credit report in violation of the FCRA. The Court granted summary judgment in favor of RJM because it purchased plaintiff's debt from Finger Hut, subsequently obtained plaintiff's credit report to collect on the debt and, therefore, had a permissible purpose to obtain such information under the FCRA. So too, here, RJM accessed Perl's credit information in connection with collection of a debt owed by him. In sum, Perl fails to raise a genuine issue of fact on his FCRA claims against RJM and, accordingly, his claims must be dismissed.

Perl incorrectly contends that RJM can only seek to collect on a debt six years after having been incurred. Contrary to Perl's claim, RJM's collection of Perl's debt is permissible notwithstanding that the debt is time-barred.  Under the FDCPA, it is permissible for a debt collector to seek to collect on a time-barred debt. Larsen v. JBC Legal Group, 533 F. Supp. 2d 290, 303 (E.D.N.Y. 2008); Gervais v. Riddle & Associates, P.C., 479 F. Supp. 2d 270, 273 (D. Conn. 2007)("absent a threat of litigation or other remedy that the debt collector could not legally pursue, there is no FDCPA violation in attempting to collect on a time-barred debt"). Perl does not allege in the Amended Complaint or in the Perl Memo. that RJM ever threatened to sue or to pursue other unavailable remedies with respect to the collection of his debt. In fact, he concedes that RJM did not bring any collection action against him with respect to the collection of the debt at issue (Perl Memo. ¶ 31).

In sum, because the collection of Perl's debt served as a permissible purpose for accessing his consumer credit reports and because RJM did not access Perl's consumer credit reports under false pretenses, Perl's arguments are unavailing.

## II.  PERL FAILS TO DEMONSTRATE HOW CONTINUED DISCOVERY WOULD ALLOW HIM TO DEFEND AGAINST THE INSTANT MOTION

Per's argument that RJM should not be entitled to the relief sought herein in light of the fact that discovery has not concluded should be given short shrift. "A party resisting summary judgment on the ground that it needs discovery in order to defeat the motion must submit an affidavit showing (1) what facts are sought [to resist the motion] and how they are to be obtained, (2) how those facts are reasonable expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts." Gurary v. Winehouse, 190 F.3d 37, 43 (2d Cir. 1999)(internal quotations and citation omitted).

Perl has not proffered an affidavit showing what facts he needs to obtain via discovery to oppose the motion or how such facts would create a genuine issue of material fact. Further, Perl does not identify any fact that may exist that can be obtained via discovery that would enable him to establish a viable cause of action against RJM. Perl's bare conjecture that some facts may exist is simply insufficient. In sum, it is beyond dispute that RJM was engaged in lawful efforts to collect Perl's debt, that its collection efforts provided it with a permissible purpose to obtain his consumer credit information and that additional discovery cannot possibly reveal any facts that would enable Perl to sustain his misguided claims herein.

## CONCLUSION

For the foregoing reasons, defendant RJM Acquisitions Funding LLC respectfully requests that the Court grant its motion in its entirety and dismiss the Amended Complaint with prejudice.

Dated: New York, New York
July 8, 2013

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
Peter T. Shapiro, Esq.
*Attorneys for Defendant*
77 Water Street, Suite 2100
New York, New York 10005
212-232-1300

## CERTIFICATE OF SERVICE

  Peter T. Shapiro, an attorney duly admitted to practice before this Court, certifies that on July 8, 2013, he caused to be filed via ECF and served on the *pro se* plaintiff via first class mail Movant's Reply Memorandum of Law.

                                _____
                                  Peter T. Shapiro